UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAST-TEAR POA                                              CIVIL ACTION

VERSUS

UR MENDOZA JADDOU, ET AL.                    NO. 24-00887-BAJ-RLB

RULING AND ORDER

Before the Court is Defendants' **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) (Doc. 21).** Plaintiff opposes the Motion. (Doc. 22). Defendants filed a Reply Brief. (Doc. 24). The matter came before the Court for a hearing. (Doc. 33). The parties filed supplemental briefing (Doc. 38; Doc. 39). For the reasons stated herein, Defendants' Motion is **DENIED**.

I.   BACKGROUND

This case arises out of Plaintiff's Last-Tear Poa's challenge to her immigration status. (Doc. 1). Plaintiff currently has an F-1 Student Visa. (Doc. 1-4 at 2). Plaintiff sought to change her immigration status from F-1 Student Visa to P-1A Athlete, believing that such a status change would permit her to pursue Name, Image, Likeness ("NIL") deals for profit while continuing as a full-time student at Louisiana State University ("LSU"). (Doc. 30 ¶¶ 18–22). On July 17, 2024, United States

Citizenship and Immigration Services ("USCIS") denied Plaintiff's P-1A Petition for failure to demonstrate eligibility for approval. (Doc. 1-4).

Plaintiff filed suit against Defendants Ur Mendoza Jaddou, Director of USCIS,[1] Tracy Tarrango, Director of the California Service Center, and USCIS itself. Plaintiff asks the Court to: (1) set aside the Denial issued by Defendants on July 17, 2024 as arbitrary, capricious, and not in accordance with applicable law; (2) declare that Plaintiff meets the statutory and regulatory requirements for the P-1A nonimmigrant classification as an "internationally recognized athlete"; (3) order Defendants to approve the P-1A Petition submitted on Plaintiff's behalf; (4) grant attorneys' fees and costs pursuant 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d) and other authority; and (5) grant any other relief the Court deems appropriate and just. (Doc. 30 at 15–16).

Defendants moved to dismiss Plaintiff's Complaint, arguing that USCIS's decision was correct. (Doc. 21-1 at 7). For the following reasons, Defendants' Motion is **DENIED**.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must

---

[1] The current Director of USCIS is Joseph B. Edlow. *See* U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *Leadership*, https://www.uscis.gov/about-us/organization/leadership (last visited Sep. 18, 2025).

2

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### III. DISCUSSION

In this case, Plaintiff asks the Court to find that USCIS's denial of Plaintiff's P-1A nonimmigrant status was arbitrary and capricious under the Administrative Procedure Act. (Doc. 1; Doc. 30). In the instant Motion, Defendants ask the Court to dismiss Plaintiff's Complaint, arguing that USCIS's decision was correct. (Doc. 21-1 at 7).

Defendants argue that under the plain language of 8 U.S.C. § 1184(c)(4), Plaintiff cannot satisfy the eligibility requirements for the P-1A nonimmigrant visa status she seeks. (*Id.* at 8). Defendants contend that the statutory language contained in 8 U.S.C. § 1184(c)(4) limits P-1A nonimmigrant status to a foreign national coming to the United States temporarily to be an athlete "*solely* for the purpose of performing as such an athlete with respect to a specific athletic competition." (*Id.* at 7).

Defendants contend that under the plain meaning of the statute, Plaintiff, as a NCAA athlete, cannot state a claim because she is not coming to the United States solely for the purpose of performing as an NCAA athlete. (Doc. 38 at 1). Defendants argue that this is because Plaintiff cannot compete in the NCAA unless, first and foremost, she is a full-time student making progress towards her degree. (*Id.*).

Plaintiff responds that the Court should deny Defendants' Motion because it requires the Court to interpret the identical phrase "temporarily and solely for the purpose of" in two conflicting manners. First, for an F-1 Student Visa, the Court must interpret "temporarily and solely for the purpose of" to ***permit*** the dual purpose of: (1) attending university; and (2) participating in an NCAA college athletics program. (Doc. 22-1 at 1–2).

But in the case of a P-1A classification, the Court must interpret "temporarily and solely for the purpose of" to ***preclude*** the dual purpose of: (1) attending university; and (2) participating in an NCAA college athletics program. (*Id.*). Plaintiff argues that no basis for that contradictory interpretation of the phrase "temporarily

4

and solely for the purpose of" can be found in the statute, regulations, case law, or agency guidance. (*Id.*).

**A. F-1 Student Visa.**

The F-1 Student Visa, which Plaintiff currently maintains, is governed by 8 U.S.C. § 1101(a)(15)(F)(i), which provides the following:

> **(F)(i)** an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and *solely for the purpose of pursuing such a course of study* consistent with section 1184(l) of this title at an established college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in an accredited language training program in the United States, particularly designated by him and approved by the Attorney General after consultation with the Secretary of Education, which institution or place of study shall have agreed to report to the Attorney General the termination of attendance of each nonimmigrant student, and if any such institution of learning or place of study fails to make reports promptly the approval shall be withdrawn[.]

8 U.S.C. §1101(a)(15)(F)(i). USCIS's website explains the F-1 Student Visa as follows:

> The F-1 Visa (Academic Student) allows you to enter the United States as a full-time student at an accredited college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in a language training program. You must be enrolled in a program or course of study that culminates in a degree, diploma, or certificate and your school must be authorized by the U.S. government to accept foreign students.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *Students and Employment*, https://www.uscis.gov/working-in-the-united-states/students-and-exchange-visitors/students-and-employment (last visited Sep. 18, 2025).

**B. P-1A Athlete.**

The P-1A Athlete classification, which Plaintiff seeks, is governed by 8 U.S.C. § 1184(c)(4), which provides:

(4)(A) For purposes of section 1101(a)(15)(P)(i)(a) of this title, an alien is described in this subparagraph if the alien—

(i)

(I) performs as an athlete, individually or as part of a group or team, at an internationally recognized level of performance;

(II) is a professional athlete, as defined in section 1154(i)(2) of this title;

(III) performs as an athlete, or as a coach, as part of a team or franchise that is located in the United States and a member of a foreign league or association of 15 or more amateur sports teams, if—

(aa) the foreign league or association is the highest level of amateur performance of that sport in the relevant foreign country;

(bb) participation in such league or association renders players ineligible, whether on a temporary or permanent basis, to earn a scholarship in, or participate in, that sport at a college or university in the United States under the rules of the National Collegiate Athletic Association; and

(cc) a significant number of the individuals who play in such league or association are drafted by a major sports league or a minor league affiliate of such a sports league; or

(IV) is a professional athlete or amateur athlete who performs individually or as part of a group in a theatrical ice skating production; and

(ii) seeks to enter the United States *temporarily and solely for the purpose of performing*--

6

> (I) as such an athlete with respect to a specific athletic competition; or
>
> (II) in the case of an individual described in clause (i)(IV), in a specific theatrical ice skating production or tour.

8 U.S.C. § 1184(c)(4) (emphasis added).

The USCIS website describes a P-1A Athlete as follows:

The P-1A classification applies to you if you are coming temporarily to the United States **solely for the purpose** of performing at a specific athletic competition as:

- An individual athlete at an internationally recognized level of performance;

- Part of a group or team at an internationally recognized level of performance;

- A professional athlete; or

- An athlete or coach, as part of a team or franchise that is located in the United States and a member of a foreign league or association.

The P-1A classification also applies to professional or amateur athletes coming temporarily to the United States solely to perform in a specific theatrical ice skating production or tour, individually or as part of a group.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES, *P-1A Athlete*, https://www.uscis.gov/working-in-the-united-states/temporary-workers/p-1a-athlete (last visited Sep. 18, 2025) (emphasis added).

### C. Administrative Record.

In its Motion, the Government contends that the there are no facts in dispute, such that the Court should rule as a matter of law. (Doc. 38 at 3). Plaintiff argues, however, that the Court must determine whether USCIS's denial was arbitrary,

capricious, or not in accordance with law in light of the full administrative record, not merely the Government's characterizations of it. (Doc. 39 at 5). Plaintiff contends that the Court cannot rule on the pleadings alone, without the benefit of the administrative record, because the key statutory language here refers to "purpose," which is a factual determination. (*Id.*).

Viewing the facts in the light most favorable to Plaintiff, the Court finds that it would be more appropriate to determine whether USCIS's decision was arbitrary and capricious with the benefit of the full administrative record. Courts frequently rely on the administrative record in making such a determination. *Samay Bus. Inc. v. Jaddou*, No. 4:23-CV-3056, 2024 WL 4957606, at *3–4 (S.D. Tex. Nov. 15, 2024), *report and recommendation adopted*, No. 4:23-CV-03056, 2024 WL 4951264 (S.D. Tex. Dec. 3, 2024) ("The court's task is to apply the APA standard of review to the agency decision based solely on the administrative record.") (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)); *see also Rizvi v. Dep't of Homeland Sec.*, 37 F. Supp. 3d 870, 873 (S.D. Tex. 2014), *aff'd sub nom. Rizvi v. Dep't of Homeland Sec. ex rel. Johnson*, 627 F. App'x 292 (5th Cir. 2015) ("Based on the motions, responses, and replies; the administrative record; oral argument by counsel; and the governing law[. . .]") (citing *Grinin v. Johnson*, 224 F. Supp. 3d 525, 529–30 (S.D. Tex. 2016), *judgment entered*, No. 16-cv-259, 2016 WL 7407490 (S.D. Tex. Dec. 15, 2016) ("Under the APA, it is the role of the agency to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the function of the district court is to determine whether or not as a matter

of law the evidence in the administrative record permitted the agency to make the decision it did.") (internal quotations omitted)).

In *Samay Bus. Inc. v. Jaddou*, the U.S. District Court for the Southern District of Texas emphasized that "[t]he summary judgment mechanism is particularly appropriate for the review of a decision of a federal administrative agency." 2024 WL 4957606, at *3 (citing *Khamisani v. Holder*, No. 11-cv-3485, 2013 WL 1194860, at *4 (S.D. Tex. Mar. 22, 2013); *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 214–15 (5th Cir. 1996)). The court reasoned: "The explanation for this lies in the relationship between the summary judgment standard of *no genuine issue as to any material fact* and the nature of judicial review of administrative decisions." *Samay Bus. Inc.*, 2024 WL 4957606, at *3 (citing *Girling Health Care*, 85 F.3d at 214–15) (internal quotations omitted) (emphasis in original)). "Where a district court reviews an agency's final decision under the APA, summary judgment 'serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review.'" *Yogi Metals Grp. Inc. v. Garland*, 567 F. Supp. 3d 793, 798 (S.D. Tex. 2021), *aff'd*, 38 F.4th 455 (5th Cir. 2022) (internal citations omitted).

Accordingly, Defendants' Motion is **DENIED**.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(6) (Doc. 21)** is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is immediately **REFERRED** to the Magistrate Judge for the issuance of a scheduling order.

Baton Rouge, Louisiana, this 18th day of September, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

10